## COLEMAN v. THE STATE.

EVANS, J. The accused was discovered lying under a counter in a store, at night, a short time before the usual hour for closing the store. He was asleep, or pretended to be asleep; appeared to be in a stupor when pulled from under the counter, and would not say anything, did not answer questions put to him, or speak. His presence was discovered because of a "scrambling" noise, such as might have been made by him in moving his foot. A policeman who was sent for arrested the accused. No goods were found on his person, nor had anything been taken from the store. He still appeared to be in a stupor; was able to walk to the calaboose, but the officer could "get nothing out of him" on the way there. Earlier on the same night the arresting officer saw the accused drinking in a saloon, advised him not to drink any more, else he would get into trouble, and told him to stop drinking and go home. After being so warned, the accused bought a pint of liquor and left, and was not again seen by the officer until the arrest was made, between nine and half-past nine o'clock. *Held,* that these facts were

not sufficient to authorize a conviction of the accused under the Penal Code, § 180, which declares that "Any person entering a dwelling-house, store, shop, or warehouse, or any other house or building, with intent to steal, but who is detected and prevented from so doing, shall be guilty of a misdemeanor." *Judgment reversed. All the Justices concur.*

Submitted February 20, — Decided March 2, 1905.

Accusation of entering with intent to steal. Before Judge Longley. City court of LaGrange.' December 21, 1904.

*E. T. Moon* and *R. A. S. Freeman*, for plaintiff in error.
*Henry Reeves, solicitor*, contra.